United States District Court
Eastern District of Michigan

Denise Marks and
LaVince Marks, Jr., Individually,

      Plaintiffs,                Civil No.

v.                             Honorable
                                  Mag. Judge

St. Johns Hospital and Medical Center,
Charlene V. Williams, M.D.,
Charlene V. Williams, M.D., P.C., and
Richard Thigpen, M.D.,

      Defendants.

---

# Notice of Removal

---

Federal defendant, Charlene V. Williams, M.D., petitioner herein, by her attorneys, pursuant to 28 U.S.C. §§ 1441, 2679(d) and 42 U.S.C. § 233 and, hereby removes this action (Case No. 14-012391-NH), which is now pending in the Third Judicial Circuit for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

This action is removable because the federal defendant, Charlene V. Williams, M.D., at all times relevant to this matter, was an employee of Detroit Healthcare for the Homeless d/b/a Advantage Health Centers ("DHH") which has been deemed eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), pursuant to the Federally Supported Health Centers Assistance Act of 1992 (Public Law 102-501), 42 U.S.C. § 233(g).  Accordingly,

DHH is an "entity" within the meaning of 42 U.S.C. § 233(g), and Charlene V. Williams, M.D., was an employee of an entity within the meaning of 42 U.S.C. § 233(g), and therefore deemed to be an employee of the United States Public Health Service covered by 42 U.S.C. § 233(a) and (c).  (Ex. A – Deeming Letters). Because she is deemed to be an employee of the U.S. Public Health Service, defendant Charlene V. Williams, M.D. is eligible for coverage under the FTCA pursuant to 42 U.S.C. § 233(a) and (g).  Under 42 U.S.C. § 233(a) and (g), a claim against the United States pursuant to the FTCA is the exclusive remedy available to the plaintiffs in this case with respect to the alleged acts or omissions of federal defendant Charlene V. Williams, M.D..  Removal of an FTCA action to federal court under these circumstances is authorized by 42 U.S.C. § 233(c).

The Attorney General, through her designee, Elizabeth J. Larin, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, has certified that defendants Charlene V. Williams, M.D., who has been deemed to be an employee of the U.S. Public Health Service, was acting within the scope of her employment at the time of the incident out of which this suit arose. (Ex. B – Certificate of Scope of Employment).

This removal is timely because an action may be removed under 28 U.S.C. 2679(d) or 42 U.S.C. 233(c) "at any time before trial."  The action shall then be "deemed a tort action brought against the United States."  42 U.S.C. § 233(c).  The United States respectfully requests that it be substituted in the caption for the party

2

"Charlene V. Williams, M.D."  This notice of removal is not being filed on behalf

of "Charlene V. Williams, M.D., P.C."  A copy of the complaint that was filed in

the Third Judicial Circuit is attached.

BARBARA L. McQUADE
United States Attorney

*/s/Laura Anne Sagolla*
LAURA ANNE SAGOLLA (P63951)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-9774
Email:  laura.sagolla@usdoj.gov

Date:  May 26, 2015

## <u>Certificate of Service</u>

I hereby certify that on May 26, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF.

I further certify that I have mailed by U.S. mail the foregoing paper to the following non-ECF participants:

Kenneth T. Watkins
Sommers Schwartz, PC
1 Towne Square, 17th Floor
Southfield, MI 48076

Julia K McNelis
Kitch, Drutchas, Wagner, Valitutti & Sherbrook
10 S. Main St., Suite 200
Mt. Clemens, MI 48043

Jeanette Williams White
Law Offices JW White, PLLC
19785 W. 12 Mile Rd., Suite 486
Southfield, MI 48076

/s/Laura Anne Sagolla
LAURA ANNE SAGOLLA (P63951)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-9774
Email:  laura.sagolla@usdoj.gov

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DENISE MARKS and
LA'VINCE MARKS, JR.
Individually,

      Plaintiffs,

Case No. 14-_____-NH

v

ST. JOHN HOSPITAL AND MEDICAL CENTER,
CHARLENE V. WILLIAMS, M.D.,
CHARLENE V. WILLIAMS, M.D., P.C., and
RICHARD THIGPEN, M.D.,

HON. _____

14-012391-NH
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/25/2014 3:38:36 PM
CATHY M. GARRETT

Jointly and Severally,

      Defendants.

_____/

Kenneth T. Watkins (P46231)
SOMMERS SCHWARTZ, PC
*Attorney for Plaintiffs*
One Towne Square, 17TH Floor
Southfield, MI  48076
(248) 355-0300; Fax: (248) 746-4001
kwatkins@sommerspc.com

_____/

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  SUITE 1700  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

There is no pending or resolved civil action
arising out of the transaction or occurrence
alleged in their Complaint.

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs herein, DENISE MARKS and LA' VINCE MARKS, JR., by and through their attorneys, SOMMERS SCHWARTZ, PC, and complaining against the above-named Defendants, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      That Plaintiff, DENISE MARKS (hereinafter "PLAINTIFF"), was a resident of the City of Detroit, County of Wayne, State of Michigan at all times at issue in this Complaint.

2.      That Plaintiff, LA' VINCE MARKS, JR. (hereinafter "PLAINTIFF/SPOUSE"), is and was the spouse of PLAINTIFF at all times at issue in this Complaint and resides in the City of Detroit, County of Wayne, State of Michigan as well.

3.      That at all times pertinent hereto, Defendant, ST. JOHN HOSPITAL & MEDICAL CENTER, was a Michigan Non-Profit Corporation, duly organized and existing under and by virtue of the laws of the State of Michigan, and doing business in the County of Wayne, State of Michigan.

4.      That at all times pertinent hereto, Defendant, CHARLENE WILLIAMS, MD, (hereinafter "DR. WILLIAMS") was the apparent, ostensible, implied and/or express agent of and/or was employed by Defendant, CHARLENE WILLIAMS, MD, PC (hereinafter "WILLIAMS PC", and was acting in the course and scope of said employment and/or agency when the acts of negligence and malpractice hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, WILLIAMS, PC, by reason of the doctrine of Respondeat Superior.

5.      That at all times pertinent hereto, Defendant, DR. WILLIAMS, was the apparent, ostensible, implied and/or express agent of and/or was employed by Defendant, ST. JOHN

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • SUITE 1700 • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

2

HOSPITAL & MEDICAL CENTER (hereinafter, Defendant, ST. JOHN), and was acting in the course and scope of said employment and/or agency when the acts of negligence and malpractice hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, ST. JOHN, by reason of the doctrine of Respondeat Superior.

6.    That at all times pertinent hereto, Defendant, RICHARD N. THIGPEN, MD, (hereinafter "DR. THIGPEN") was the apparent, ostensible, implied and/or express agent of and/or was employed by Defendant, ST. JOHN, and was acting in the course and scope of said employment and/or agency when the acts of negligence and malpractice hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, ST. JOHN, by reason of the doctrine of Respondeat Superior.

7.    The amount in controversy exceeds Twenty five Thousand ($25,000) Dollars, exclusive of costs, interests, and attorney fees, and is otherwise within the jurisdiction of this Honorable Court pursuant to MCL §600.605.

8.    Venue is proper in this judicial circuit pursuant to MCL 600.1629(a)(i) because PLAINTIFF'S original injury occurred in Wayne County, and Defendants have a place of business in Wayne County and conducts business in Wayne County.

## GENERAL ALLEGATIONS

9.    This PLAINTIFF was boarded and taken for surgery at DEFENDANT, ST. JOHN on March 27, 2012.

10.    That PLAINTIFF was documented and known to have a large, bulky fibroid uterus, along with endometriosis and a prior cesarean section.

3

11.    That surg.   is assigned to perform PLAINTIFF'S TAH Abdominal Hysterectomy & Salpingo Oophorectomy Surgery (hereinafter "TAH & SO surgery") were DEFENDANTS, DR. WILLIAMS and DR. THIGPEN.

12.    That DR. WILLIAMS dictated in the operative note the surgeons' applied technique and approach used to accomplish PLAINTIFF'S TAH & SO surgery.

13.    That the Operative Note was not dictated until April 3, 2012, and had Addendum(s) to same signed by DEFENDANT, DR. WILLIAMS on May 1, 2012.

14.    That PLAINTIFF reported complications with significant pain and discomfort which started in the evening following the surgery.

## COUNT I
## ORDINARY NEGLIGENCE AND PROFESSIONAL NEGLIGENCE

15.    PLAINTIFFS incorporate by reference each and every paragraph of this Complaint as though fully stated herein.

16.    That at all times pertinent hereto, Defendant, DRS. WILLIAMS and THIGPEN, were engaged in the practice of their profession in the County of Wayne, State of Michigan, and held themselves out to the public and in particular, to PLAINTIFFS, as skilled and competent medical doctors, specializing in the field of Obstetrics & Gynecology, and capable of properly and skillfully treating, caring for and curing individuals seeking their services.

17.    That Defendants, DRS. WILLIAMS and THIGPEN, owed PLAINTIFFS the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by physicians specializing in the field of Obstetrics & Gynecology throughout the nation and to use reasonable care and diligence in the exercise of his skill and application of his learning in the

4

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • SUITE 1700 • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

care and treatment of PLAINTIFF, in accordance with the standards prevailing throughout the nation.

18. That at all times pertinent hereto, Defendant, DRS. WILLIAMS and THIGPEN, assumed responsibility for medical care of PLAINTIFF.

19. That at all times pertinent hereto, Defendant, DRS. WILLIAMS and THIGPEN, undertook to examine, diagnose, treat, attend, and care for PLAINTIFF.

20. That in March of 2012, PLAINTIFF became a gynecologic surgery patient of Defendant, DRS. WILLIAMS and THIGPEN, and Defendant, ST. JOHN, for the proper surgical treatment and management of her condition, monitoring, and rehabilitation relating to her TAH & SO surgery. That PLAINTIFF did then and there, impliedly and/or expressly, hire and employ said Defendant, ST. JOHN, its/their agents, servants and/or employees to do that which was proper and necessary in the premises, in accordance with the prevailing standards, and said Defendants, by and through its/their agents, servants and/or employees, did then and there, impliedly and/or expressly, represent to use due, reasonable, and proper skill in the care and treatment of PLAINTIFF in accordance with the prevailing standards.

21. That in March of 2012, PLAINTIFF, became a patient of Defendants, DRS. WILLIAMS and THIGPEN, and Defendant, ST. JOHN, for the proper surgical management of her condition, monitoring, and rehabilitation relating to her TAH & SO surgery. That PLAINTIFF did then and there, impliedly and/or expressly, hire and employ said Defendants, ST. JOHN, its/their agents, servants and/or employees to do that which was timely, proper and necessary in the premises, in accordance with the prevailing standards, and said Defendants, by and through its/their agents, servants and/or employees, did then and

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • SUITE 1700 • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

5

20 Nov 2014 16:56 HP FaxWonderfully Made 2483362026

there, impliedly and expressly, represent to use due, reasonable, timely, and proper skill in the care and treatment of PLAINTIFF in accordance with the prevailing standards.

22. That at all times relevant hereto, the Defendant, ST. JOHN, was a corporation duly organized and existing under and by virtue of the laws of the State of Michigan and operated a health care facility, located in the County of Wayne, State of Michigan; and that at all times relevant hereto, and for many years past, said Defendant have been engaged in the operation of said health care center, pursuant to MCL 331.442, MCL 333.20141 and MCL 333.21513, where persons afflicted with illness and disease are given care and treatment for a consideration.

23. That at all times pertinent hereto, Defendant, DRS. WILLIAMS and THIGPEN, were the apparent, ostensible, implied and/or express agent of and/or was employed by Defendants, ST. JOHN, and was acting within the course and scope of said employment and/or agency when the acts of negligence and malpractice, hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, ST. JOHN, by reason of the doctrine of Respondeat Superior.

24. That, at all times hereinbefore and hereinafter mentioned, Defendants, ST. JOHN, and DRS. WILLIAMS and THIGPEN, and each of them, in disregard of their duties and obligations to PLAINTIFF, and at variance with the prevailing standards, were guilty of negligence and malpractice by failing to do the following particulars, including but not limited to:

      a.    Draft, promulgate, adopt, and/or enforce appropriate rules, regulations, policies, procedures, bylaws, orders, and constitutional provisions which could and should have prevented the acts of malpractice/negligence committed against PLAINTIFF, and which also could and should have prevented the injuries which PLAINTIFF suffered;

6

b.    Provide and furnish PLAINTIFF with the proper and necessary care and treatment;

c.    Employ physicians, obstetricians, gynecologists, physician assistants, residents, interns, nurses and other medical personnel who possessed the degree of skill in learning ordinarily possessed by such individuals;

d.    Exercise the requisite degree of skill and knowledge in the treatment of PLAINTIFF, required of physicians, obstetricians, gynecologists, and other licensed health care personnel throughout Michigan and the United States, all of which could and should have been accomplished;

e.    Provide the necessary physicians, obstetricians, gynecologists, professional nursing, technical and support personnel, and the technical diagnostic and treatment services equipment necessary to ensure the safe performance of the health care undertaken pursuant to MCL 333.20141.;

f.    Draft, promulgate, adopt, implement, and/or enforce appropriate rules, regulations, policies, procedures, and orders which would and should have resulted in the appropriate and timely treatment of PLAINTIFF;

g.    Provide and obtain appropriate informed consent for performance of Total Abdominal Hysterectomy and Salpingo Oophorectomy for PLAINTIFF;

h.    To inform patient of what physicians would participate in surgery and whether residents would be allowed to perform significant portions of the TAH and RSO;

i.    To avoid injury to the urinary tract during performance of TAH and RSO;

j.    To adequately and carefully identify the right ureter and its course through the pelvis;

k.    To recognize, identify, anticipate and plan appropriate surgical maneuvers due to presence of a known large, bulky fibroid uterus, along with endometriosis and a prior cesarean section;

l.    To adequately dissect out and positively visualize the right ureter before clamping or cutting any structures in the pelvis;

m.    To avoid using improper and inadequate technique identifying the right ureter such as merely "palpat[ing] along the posterior leaf deep alongside within the broad ligament space," which is inadequate technique and led to injury in this case;

n.    To avoid injury to the ureter during performance of Total Abdominal Hysterectomy;

7

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  SUITE 1700  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

o.   To timely recognize any injuries caused the bladder and ureter during performance of Total Abdominal Hysterectomy;

p.   To timely consult appropriate specialists when bladder and or ureter injury occurs during performance of Total Abdominal Hysterectomy;

q.   To consult a Urologist as soon as possible to assist in management of bladder and or ureter injury;

r.   To avoid rushing through the performance of Total Abdominal Hysterectomy even though the assistant surgeon stresses moving faster through the procedure;

s.   To timely inspect the pedicle and urinary tract structures and remain aware of potential signs of injury with routine use of cystoscopy;

t.   To provide appropriate medical care to PLAINTIFF; and

u.   Refrain from all acts of negligence and/or malpractice.

25.   That the acts and/or omissions constituting negligence and/or malpractice of the Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to PLAINTIFF 'S suffering, severe and grievous injuries, including, but not limited to: multiple surgeries and procedures, vaginal and urinary leakage, fistulas, infections pain, discomfort and disability.  The failure to follow the appropriate surgical technique in this case is a deviation of the standard of care and directly caused the damage to the urinary tract which led to all of the subsequent complications suffered by PLAINTIFF.

26.   That as a further direct and proximate result of the negligence and malpractice of the Defendants, and each of them, by and through their duly authorized agents, servants, and/or employees, as hereinbefore alleged, PLAINTIFF, has been caused to suffer a deprivation of the normal enjoyments of life, as well as suffering, pain, disfigurement, discomfort, humiliation, embarrassment, mental and emotional anguish and anxiety.   All of

8

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  SUITE 1700  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

these conditions are consequences of Defendants' negligence and malpractice, and are permanent and will continue indefinitely in the future.

27.    That as a further direct and proximate result of the negligence and malpractice of the Defendants, and each of them, by and through their duly authorized agents, servants, and/or employees, as hereinbefore alleged, PLAINTIFF, has been required to undergo medical and surgical care, and will be required to undergo medical care and treatment in the future requiring Plaintiff to incur expenses and obligations for medical expenses, including but not limited to therapists, nurses, physicians, hospitals, and medicinal substances and things for the care of said Plaintiff, and said Plaintiff will, in the future, be required to make similar expenditures and incur similar obligations so as to permit her to function and live to the extent that is now possible.

28.    That all of the hereinbefore-named conditions, developments, and sequelae are as a consequence of the Defendants' negligence and malpractice, and are permanent in nature and have caused and will cause in the future, significant economic loss, including but not limited to earnings and loss of earning capacity.


WHEREFORE, Plaintiffs DENISE MARKS and LA' VINCE MARKS, JR., Individually, claims judgment against the Defendants, ST. JOHN HOSPITAL & MEDICAL CENTER, CHARLENE WILLIAMS, MD, CHARLENE WILLIAMS, MD, PC, RICHARD N. THIGPEN, MD, Jointly and Severally, for whatever amount said Plaintiffs are found to be entitled, as determined by the trier of fact, together with interest, costs, and attorney fees.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • SUITE 1700 • SOUTH-FIELD, MICHIGAN 48076 • (248) 355-0300

9

COUNT II

LOSS OF CONSORTIUM

1.    PLAINTIFF/SPOUSE individually re-alleges and incorporates by reference each and every allegation hereinabove set forth.

2.    That PLAINTIFF/SPOUSE is the lawful husband of PLAINTIFF.

3.    That as a direct and proximate result of the negligence and/or medical malpractice of the Defendants, ST. JOHN, and DRS. WILLIAMS and THIGPEN, as hereinbefore alleged, PLAINTIFF/SPOUSE has been required to expend various sums of money and incur various extraordinary monetary obligations. The money was expended and obligations incurred, for hospitals, medical services, doctors, appliances and medicinal substances and things in an effort to effectuate a cure for the injuries sustained by PLAINTIFFS, will, in the future, be required to expend similar sums and incur similar obligations.

4.    That as a direct and proximate result of the negligence of the Defendant, as hereinbefore alleged, PLAINTIFF was damaged, injured and harmed, as aforesaid, and PLAINTIFF SPOUSE, has been deprived of the comfort, companionship, society and services of his wife.

WHEREFORE, Plaintiff, LA' VINCE MARKS, JR., claims judgment against the Defendants, ST. JOHN, and DRS. WILLIAMS and THIGPEN, for whatever amount said Plaintiff is found to be entitled, as determined by the trier of fact, together with interest, costs and attorneys fees.

10

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • SUITE 1700 • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

DEMAND FOR TRIAL BY JURY IS HEREBY MADE.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By:___ /s/ Kenneth T. Watkins_____
**Kenneth T. Watkins (P46231)**
*Attorney for Plaintiffs*
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300; Fax: (248) 746-4001
kwatkins@sommerspc.com

Dated: September 25, 2014

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • SUITE 1700 • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

11

## AFFIDAVIT OF MERIT OF JERROLD H. WEINBERG, M.D., FACOG, NCMP.

STATE OF Wisconsin )
                       )§
COUNTY OF Milwaukee )

JERROLD H. WEINBERG, M. D., being first duly sworn deposes and says:   14-012391-NH

FILED IN MY OFFICE
9/25/2014 3:38:36 PM
CATHY M. GARRETT

1.     That I am a medical physician specializing and board certified in Obstetrics/ Gynecology.

2.     During the year immediately preceding the date of the occurrence that is the basis for the claim or action, I devoted a majority of my professional time to either or both of the following:

    a.     The active clinical practice of Gynecology; and

    b.     The instruction of students in an accredited health professional school or accredited residency or clinical research program in Gynecology.

3.     I have reviewed the Notice of Intent and all pertinent medical records supplied to me by Plaintiff's attorneys concerning the allegations contained in the Notice.

4.     That the applicable standard of practice or care in this matter was for St. John Hospital & Medical Center, by and through its/their agents, servants, and/or employees, including but not limited to Charlene V. Williams, M.D., and Richard N. Thigpen, M.D., and each of them, to:

    a.     Draft, promulgate, adopt, and/or enforce appropriate rules, regulations, policies, procedures, bylaws, orders, and constitutional provisions which could and should have prevented the acts of malpractice/negligence committed against Denise Marks, and which also could and should have prevented the injuries which Denise Marks suffered;

    b.     Provide and furnish Denise Marks with the proper and necessary care and treatment;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

c. Employ physicians, obstetricians, gynecologists, physician assistants, residents, interns, nurses and other medical personnel who possessed the degree of skill in learning ordinarily possessed by such individuals;

d. Exercise the requisite degree of skill and knowledge in the treatment of Denise Marks, required of physicians, obstetricians, gynecologists, and other licensed health care personnel throughout Michigan and the United States, all of which could and should have been accomplished;

e. Provide the necessary physicians, obstetricians, gynecologists, professional nursing, technical and support personnel, and the technical diagnostic and treatment services equipment necessary to ensure the safe performance of the health care undertaken pursuant to MCL 333.20141.;

f. Draft, promulgate, adopt, implement, and/or enforce appropriate rules, regulations, policies, procedures, and orders which would and should have resulted in the appropriate and timely treatment of Denise Marks; and

g. Refrain from all acts of negligence and/or malpractice.

5. That the applicable standard of practice or care in this matter was for Charlene V. Williams, M. D. and Richard N. Thigpen, M. D., and each of them, to:

a. Provide and obtain appropriate informed consent for performance of Total Abdominal Hysterectomy and Salpingo Oophorrectomy for Denise Marks;

b. To inform patient of what physicians would participate in surgery and whether residents would be allowed to perform significant portions of the TAH and RSO;

c. To avoid injury to the urinary tract during performance of TAH and RSO;

d. To adequately and carefully identify the right ureter and its course through the pelvis;

e. To recognize, identify, anticipate and plan appropriate surgical maneuvers due to presence of a known large, bulky fibroid uterus, along with endometriosis and a prior cesarean section;

f. To adequately dissect out and positively visualize the right ureter before clamping or cutting any structures in the pelvis;

g. To avoid using improper and inadequate technique identifying the right ureter such as merely "palpat[ing] along the posterior leaf deep alongside within the broad ligament space," which is inadequate technique and led to injury in this case;

2

20 Nov 2014 16:59 HP FaxWonderfully Made 24833362026

h.   Avoid injury to the ureter during performance of Total Abdominal Hysterectomy;

i.   To timely recognize any injuries caused to the bladder and ureter during performance of Total Abdominal Hysterectomy;

j.   To timely consult appropriate specialists when bladder and or ureter injury occurs during performance of Total Abdominal Hysterectomy;

k.   To consult a Urologist as soon as possible to assist in management of bladder and or ureter injury;

l.   To avoid rushing through the performance of Total Abdominal Hysterectomy even though the assistant surgeon stresses moving faster through the procedure;

m.   To timely inspect the pedicle and urinary tract structures and remain aware of potential signs of injury with routine use of cystoscopy;

n.   To provide appropriate medical care to Denise Marks;

o.   Refrain from all acts of negligence and/or malpractice.

6.   That in my opinion the applicable standard of practice or care in this matter was breached by the health professionals and/or health facilities receiving the Notice(s) supplied to me including, but not limited to: St. John Hospital & Medical Center, by and through its/their agents, servants, and/or employees, Charlene V. Williams, M. D., and Richard N. Thigpen, M.D.. That the actions that should have been taken or omitted by the health professionals or health facilities in order to have complied with the applicable standard of practice or care were for St. John Hospital & Medical Center, by and through its/their agents, servants, and/or employees, including but not limited to:  Charlene V. Williams, M. D. and Richard N. Thigpen, M. D., and each of them to:

a.   Draft, promulgate, adopt, and/or enforce appropriate rules, regulations, policies, procedures, bylaws, orders, and constitutional provisions which could and should have prevented the acts of malpractice/negligence committed against Denise Marks, and which also could and should have prevented the injuries which Denise Marks suffered;

3

_Jerold Weinberg_
Jerrold H. Weinberg, M. D.

STATE OF Wisconsin )
                          ) §
COUNTY OF Milwaukee )

Subscribed and sworn to before me
this 25 day of September ,
2014,

_Addison Faul_
Notary Public Signature (above)
Addison Faul , Notary
Public
[SEAL]



ADDISON FAUL
Notary Public
State of Wisconsin

My Commission Expires
February 28, 2018

Personally Known                    _____

**OR**

Produced Identification             X

Type of Identification Produced     Michigan Driver's License

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER · SUITE 900 · SOUTHFIELD, MICHIGAN 48075 · (248) 355-0300

6



**KENNETH T. WATKINS**
Attorney at Law
Direct Phone: 248-746-4022
Direct Fax:    248-936-2182
kwatkins@sommerspc.com

Wednesday, November 12, 2014

*VIA Personal Server*

## Defendant: Charlene V. Williams, MD

1.  Personal/Home
    273 Leeward Ct.
    Detroit, MI 48207

2.  Charlene V. Williams, MD
    c/o Wonderfully Made Womens
    Healthcenter
    26711 Woodward Ave, STE 108
    Huntington Woods, MI 48070
    (248) 336-2008

3.  Personal/Home
    24622 Adams Ct.
    Apt. 208
    Farmington Hills, MI 48335

4.  Personal/Home
    26741 Holly Hill Dr.
    Farmington Hills, MI 48334

5.  Charlene V. Williams, MD
    215 W. Troy St., STE 3030
    Ferndale, MI 48220

6.  Charlene V. Williams, MD
    c/o Bowman Community Health
    Center
    15400 W. McNichols
    Detroit, MI 48235
    (313) 835-5990

## Defendant: Charlene V. Williams, MD/PC

1.  Personal/Home
    273 Leeward Ct.
    Detroit, MI 48207

2.  Charlene V. Williams, MD/PC
    c/o Wonderfully Made Womens
    Healthcenter
    26711 Woodward Ave, STE 108
    Huntington Woods, MI 48070
    (248) 336-2008

3.  Personal/Home
    24622 Adams Ct.
    Apt. 208
    Farmington Hills, MI 48335

4.  Personal/Home
    26741 Holly Hill Dr.
    Farmington Hills, MI 48334

5.  Charlene V. Williams, MD/PC
    215 W. Troy St., STE 3030
    Ferndale, MI 48220

6.  Charlene V. Williams, MD/PC
    c/o Bowman Community Health Center
    15400 W. McNichols
    Detroit, MI 48235
    (313) 835-5990

Re:   Denise Marks

Our File No: 2455/1



Page 2
Wednesday, November 12, 2014

Dear Recipients:

Enclosed please find the Summons with Affidavit of Merit, Complaint and Demand for Trial by Jury. You are receiving these materials either directly as a named Defendant or on behalf of a named Defendant in the above-referenced matter as addressed above.

Thank you for your anticipated immediate attention in this regard. I remain,

Very Truly Yours,

SOMMERS SCHWARTZ, P.C.

Kenneth T. Watkins

KTW/mc
Enclosure(s)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO.<br>14-012391-NH |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE **OR** | ☒ AFFIDAVIT OF PROCESS SERVER |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint, together with Affidavit of Merit

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | | Day, date, time |
|---|---|---|---|
| | | | |
| | | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | | Day, date, time |
|---|---|---|---|
| | | | |
| | | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date

Notary public, State of Michigan, County of _____   Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

_____ on _____   Attachments
Day, date, time

_____ on behalf of _____
Signature

MC 01-JCC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

20 Nov 2014 16:54 HP FaxWonderfully Made 24833362026